Case 1:05-cv-00376-MBC   Document 1   Filed 12/27/05   Page 1 of 10
Case 1:05-mc-02025   Document 87-1   Filed 12/27/2005   Page 1 of 10

*summons issued*
*receipt # 06-15*
㉓

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

W. R. CASE & SONS CUTLERY
33 Barbour Street
Bradford, Pennsylvania 16701

CASEMARK, INC.
108 Springer Building
3411 Silverside Road
Wilmington, Delaware 30725

**SCANNED**

**COMPLAINT**

CA 05-376 E

Plaintiffs

v.

MICHAEL PRATER & COMPANY LLC
81 Sanford Lane
Flintstone, Georgia 30725

Defendant

---

W.R. Case & Sons Cutlery Co. ("WR Case") and CaseMark, Inc. ("CaseMark"), for their Complaint against the defendant, Michael Prater & Company LLC ("Prater"), allege:

### PARTIES

1. WR Case is a corporation organized and existing under the laws of Pennsylvania, with a principal place of business in Bradford, Pennsylvania.

2. CaseMark is a corporation organized and existing under the laws of Delaware, with a principal place of business in Wilmington, Delaware.

3. Upon information and belief, Prater is an LLC, organized and existing under the laws of Georgia, with a principal place of business in Flintstone, Georgia.

4. Prater is not a licensee of WR Case or CaseMark and is not affiliated or associated with WR Case or CaseMark.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Prater by reason of its transaction of business within the Commonwealth of Pennsylvania and this District, its contracting to supply goods within the Commonwealth and the District, and causing harm or tortious injury within the Commonwealth and this District by an act or omission within or without the Commonwealth and this District. In addition, there is personal jurisdiction because the defendant has at least the minimum level of contact with the Commonwealth and this District required under the Constitution of the United States as a prerequisite for establishing jurisdiction. The causes of action in this Complaint arise from the acts described in this paragraph. Jurisdiction exists pursuant to 42 Pa.C.S.A. §5322.

6. This is an action for trademark infringement, false designation of origin, and cyberpiracy under the Trademark Act of 1946 (The Lanham Act, 15 U.S.C. §1051 et seq.).

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question) since this action arises under the laws of the United States. There is subject matter jurisdiction also under 28 U.S.C. §1338, inasmuch as the action arises under an Act of Congress relating to trademarks, and under 15 U.S.C. §1121 (Lanham Act District Court jurisdiction).

8. Venue is proper in this District under 289 U.S.C. §1391(b). Pursuant to Local Rule 3.1 of the Local Rules of the United States District Court for the Western District of Pennsylvania, this case should be given an Erie number and placed upon the Erie Calendar.

# FACTS

**CaseMark's Trademarks**

9. CaseMark owns all right, title and interest to the following United States trademark registrations: 541,917 (CASE TESTED XX [stylized]); 2,387,389 (CASE XX [stylized]); 2,387,388 (CASE XX [stylized]); 2,804,391 (CASE XX [stylized]); 2,669,012 (CASE XX); 2,703,829 (CASE XX [stylized]); 541,284 (Case XX [stylized]); and 2,729,013 (CASE).

10. CaseMark and/or its predecessors in interest have used the marks CASE and CASE XX in commerce since 1895.

11. CaseMark has granted WR Case an exclusive license to use the marks CASE and CASE XX on various goods, including knives, throughout the United States and its territories. Pursuant to this license, WR Case may join any proceeding relating to unauthorized use of suspected infringement.

12. Case® brand knives are one of the most collectible knife brands in the world, with a unique marking system related to model, blade design and handle material.

13. Due to the knives' collectibility, the secondary market with collectors of Case® brand knives is very large and active.

14. The companies' Case Collectors Club has almost 18,000 members and is the largest knife collectors' club in the world.

15. Case® brand knives carry a limited lifetime warranty, which is very valuable due to the secondary market and is important to both WR Case and CaseMark.

**Prater's Website**

16. Upon information and belief, Prater operates an on-line store through its website, <casecustomknives.com>, and sells knives ordered through its website to customers throughout the United States, including customers residing within the Western District of Pennsylvania.

**Sales of Altered Case® Knives**

17. Upon information and belief, Prater has sold, through its website, Case® knives that have been altered by, among other things, modifying the handle, notching and otherwise modifying blades and bolsters.

18. The altered Case® knives sold by Prater have been altered without CaseMark's or WR Case's permission.

19. Once a Case® knife has been altered, it ceases to be a genuine Case® brand knife, and becomes a new construction.

20. Upon information and belief, the altered Case® knives sold by Prater each bear the Case® and/or Case XX® federally registered trademark.

21. The altered Case® knives sold by Prater do not indicate on them that they have been altered by Prater, that they are a new construction and not a Case® brand knife, that the altered knife no longer carries a WR Case guarantee, that Prater is the sole guarantor of the knives, that the alterations were performed by Prater without authorization from WR Case or CaseMark, and that Prater is not connected or affiliated with or sponsored by WR Case or CaseMark.

22. Upon information and belief, neither Prater's website nor the paperwork shipped by Prater with its altered Case® knives indicate that the altered Case® knives are a new construction and no longer carry a WR Case guarantee, that Prater is the sole guarantor of the knives, that the alterations were performed without authorization from WR Case or CaseMark, and that Prater is not connected or affiliated with or sponsored by WR Case or CaseMark.

### FIRST CLAIM
### (Trademark Infringement: 15 U.S.C. §1114)
### (Damages)

23. Repeat and reallege the allegations in Paragraphs 1 through 22 as if fully set forth herein.

24. Prater's use of the CASE® and CASE XX® trademarks on knives that have been altered by Prater constitutes trademark infringement pursuant to 15 U.S.C. §1114.

25. By reason of the foregoing, CaseMark and WR Case have been damaged in an amount to be determined by the Court, including the amount of Prater's profits, and damages sustained by CaseMark and WR Case, and the costs of the action, and any upward adjustment the Court finds appropriate under 15 U.S.C. §1117(a).

26. This case is an exceptional case, meriting the award of attorney fees to the plaintiffs.

### SECOND CLAIM
### (Trademark Infringement: 15 U.S.C. §1114)
### (Injunction)

27. Repeat and reallege the allegations in Paragraphs 1 through 22 and 24 through 26 as if fully set forth herein.

28. CaseMark and WR Case have no adequate remedy at law, and will be irreparably harmed if Prater is not enjoined from using the CASE® and CASE XX® trademarks in connection with Prater's altered Case® knives.

29. This is an exceptional case, meriting the award of attorney fees to the plaintiffs.

### THIRD CLAIM
(False Designation of Origin: 15 U.S.C. §1125(a))
(Damages)

30. Repeat and reallege the allegations in Paragraphs 1 through 22 as if fully set forth herein.

31. Prater's sale of altered case knives in connection with the Case® and Case XX® trademarks, without indicating on the knives that they are altered, without indicating on the knives and elsewhere that the altered knives no longer carry a WR Case guarantee and that Prater is the sole guarantor of the knives, and without stating on the knives and elsewhere that the alterations were performed by Prater without authorization from WR Case or CaseMark and that Prater is not connected or affiliated with WR Case or CaseMark, is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of Prater with WR Case and/or CaseMark, or as to the original, sponsorship or approval of Prater's products and commercial activities by WR Case and/or Case Mark, in violation of 15 U.S.C. §1125(a).

32. This case is an exceptional case, meriting the award of attorney fees to the plaintiffs.

## FOURTH CLAIM
### (False Designation of Origin: 15 U.S.C. §1125(a))
### (Injunction)

33.     Repeat and reallege the allegations in Paragraphs 1 through 22 and 31 through 32 as if fully set forth herein.

34.     CaseMark and WR Case have no adequate remedy at law, and will be irreparably harmed if Prater is not enjoined from engaging in the practices described in Paragraph 27 of this Complaint.

35.     This case is an exceptional case, meriting the award of attorney fees to the plaintiffs.

## FIFTH CLAIM
### (ACPA: 15 U.S.C. §1125(d))
### (Injunction)

36.     Repeat and reallege the allegations in Paragraphs 1 through 22 as if fully set forth herein.

37.     Upon information and belief, defendant registered the domain name <*casecustomknives.com*> on or about January 8, 2002, and has registered, trafficked in, and used that domain name to market his altered products.

38.     As of January 8, 2002, and for years prior to that date, CaseMark's CASE trademark was distinctive and famous.

39.     Defendant's <*casecustomknives.com*> domain name is confusingly similar to and dilutive of the CASE mark.

40. Through its registration, use and trafficking in the <casecustomknives.com> domain name, defendant has and has had a bad faith intent to profit from the CASE mark.

41. CaseMark and WR Case have no adequate remedy at law, and will be irreparably harmed if Prater is not enjoined from using the <casecustomknives.com> domain name and if the domain name <casecustomknives.com> is not transferred to CaseMark.

42. This is an exceptional case, meriting the award of attorney fees to the plaintiffs.

### SIXTH CLAIM
### (ACPA: 15 U.S.C. §1125(d))
### (Damages)

43. Repeat and reallege the allegations in Paragraphs 1 through 22 and 37 through 42 as if fully set forth herein.

44. By reason of the foregoing, CaseMark and WR Case have been damaged in an amount to be determined by the Court, including the amount of Prater's profits, and damages sustained by CaseMark and WR Case, and the costs of the action, and any upward adjustment the Court finds appropriate under 15 U.S.C. §1117(a).

45. This case is an exceptional case, meriting the award of attorney fees to the plaintiffs.

WHEREFORE, plaintiffs demand:

a.  On the First, Third and Sixth Claims, a judgment awarding to plaintiffs an amount to be determined by the Court, including the amount of Prater's profits, and damages sustained by CaseMark and WR Case, the costs of the action, any upward adjustment the Courts finds appropriate under 15 U.S.C. §1117(a);

b.  On the Second Claim, an order or judgment preliminarily and permanently enjoining Prater from selling altered Case® knives bearing the Case® and/or Case XX® trademark;

c.  On the Fourth Claim, an order or judgment preliminarily and permanently enjoining Prater from selling altered Case® knives bearing the Case® and/or Case XX® trademarks; selling altered Case® knives without indicating on the knives and elsewhere that the altered knives no longer carry a WR Case guarantee and that Prater is the sold guarantor of the knives; and selling altered Case® knives without stating on the knives and elsewhere that the alterations were performed by Prater without authorization from WR Case or CaseMark and that Prater is not connected or affiliated with WR Case or Case Mark;

d.  On the Fifth Claim, an order or judgment preliminarily and permanently enjoining Prater from utilizing the domain name <casecustomknives.com>, and requiring Prater to transfer the <casecustomknives.com> domain name to CaseMark.

e.  A judgment awarding costs and attorney's fees; and

f.  Such other and further relief as the Court deems proper.

A trial by jury is demanded.

DATED:      December 27, 2005

        Attorneys for Plaintiffs

        **KNOX, MCLAUGHLIN, GORNALL & SENNETT, PC**

By: ___/s/___ Mark J. Kuhar
        Mark J. Kuhar, Esq.
        120 West Tenth Street
        Erie, PA 16501
        Tel: (814) 459-2800
        Fax: (814) 454-3757

        **HODGSON RUSS LLP**
        Paul I. Perlman, Esq.
        Office and Post Office Address
        One M & T Plaza, Suite 2000
        Buffalo, New York 14203
        Tel: (716) 848-1479
        Fax: (716) 819-4616
        *pperlman@hodgsonruss.com*

019443/00085 BFLODOCS 1350551v1
# 649516